UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **ORDER OF DETENTION PENDING TRIAL** |
| v. | Case Number: 07-20366-01 |
| TERRY DRAPER WILLIAMS | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the Defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply.

**Alternative Findings (A)**

(1) There is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

(2) The Defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

**Alternative Findings (B)**

(1) There is a serious risk that the Defendant will not appear.

(2) There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142 and argues initially that the presumption in favor of detention applies. The Court concurs in this finding as the Defendant faces more than 10 years potential custody for violations of the Controlled Substances Act. The Court must now consider whether there is sufficient evidence to rebut the presumption in light of the factors set forth in subsection § 3142(g).

As to the factors set forth in subsection (g)(1) and (g)(2), the offense charged involves narcotic drugs, specifically heroin. From the grand jury having returned an Indictment, there is a definite weight of evidence supporting the charges against the Defendant.

As to factors set forth in § 3142(g)(3), the Defendant has lived with his brother at an address in Saginaw for one year. The Defendant had previously resided at another address in Saginaw for ten years. The Defendant is currently unemployed and reports no income. Defendant told Pretrial Services that he last worked at a carwash. The Defendant conceded to Pretrial Services that he began using heroin, marijuana, and cocaine between the ages of 17 and 20. He admitted to ongoing abuse of alcohol, as well as addiction to heroin. A urine sample taken by Pretrial Services was positive for opiates.

In 1971 the Defendant pled guilty to a charge of carrying a concealed weapon in Saginaw, and was sentenced to five years imprisonment. In 1981 the Defendant pled guilty to carrying a pistol in an automobile and was sentenced to two years probation and 90 days in jail. In 1993 the Defendant pled guilty to driving while license suspended and was sentenced to a short period of incarceration. In 1995 the Defendant pled guilty to various traffic violations. In 1997 the Defendant pled guilty to attempted retail fraud first degree and was sentenced to 90 days in jail. This conviction came approximately 1 year after a bench warrant was issued for failure to appear by the Defendant on charges that he drove while his license was suspended. Defense counsel questions the accuracy or validity of that bench

warrant in light of the Defendant's subsequent appearance on the retail fraud charges. In 1998, less than 10 months later, the Defendant pled guilty in Saginaw to another charge of retail fraud first degree. He was sentenced to two years probation along with a requirement that he comply with the Tri-Cap program. In September 1998 the Defendant pled guilty to violation of probation based upon his failure to pay restitution and to comply with the Tri-Cap requirements. During this time the Defendant also tested positive for morphine. Less than a month later a warrant was issued against the Defendant for alleged violations of probation. The Defendant ultimately pled guilty, his probation was revoked, and he served a year in jail. In 2003, the Defendant pled guilty to providing false information to a police officer and was ordered to pay a fine. The Defendant failed to pay the fine, was found in contempt of court and sentenced to two weeks in jail. Six months later the Defendant again pled guilty to a charge of providing false information to a police officer. He again failed to pay the fine, a bench warrant was issued, and he was sentenced to a period of incarceration which ran concurrent with the earlier charge for the same offense. In July 2004 the Defendant pled guilty to retail fraud first degree and was sentenced to three years of probation. The Defendant therefore was on probation at the time of the conduct alleged in this Indictment. More importantly, Saginaw Circuit Court issued a probation of violation warrant based on allegations that the Defendant violated his probation and failed to report. That bench warrant is outstanding.

The government and defense counsel dispute whether the Defendant should be considered a fugitive from the charges made in this Indictment. Whether or not he is considered as such, the Court finds that the Defendant's prior criminal history, coupled by his repeated failures to abide by supervision in cases much less serious than this Indictment, convince me that the presumption in favor of detention has not been rebutted on the evidence presented. The Court further finds that even if it had been rebutted, in light of the

Defendants prior history there are no conditions or combination of conditions which would reasonably assure the safety of the community or the Defendant's appearance for future hearings. In reaching this conclusion, I note that at least six circuits have held that continued drug dealing constitutes a danger to the community. *U.S. v. Leon,* 766 F.2d 77 (2d Cir. 1985); *U.S. v. Strong,* 775 F.2d 504 (3d Cir. 1985); *U.S. v. Williams (Melvin),* 753 F.2d 329 (4th Cir. 1985); *U.S. v. Hare,* 873 F.2d 796, 798 (5th Cir. 1989); *U.S. v. Portes,* 786 F.2d 758 (7th Cir. 1986); and *U.S. v. Sazenski,* 806 F.2d 846 (8th Cir. 1986).

Accordingly, the government's motion to detain is **GRANTED**.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

|  |  |
|---|---|
| Dated: August 17, 2007 | s/ *Charles E. Binder*<br>CHARLES E. BINDER<br>United States Magistrate Judge |

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Barbara Tanase and Ken Sasse, and served on Pretrial Services and the U.S. Marshal's Service by other electronic means.

| Date: August 17, 2007 | By   s/Jean L. Broucek<br>Case Manager to Magistrate Judge Binder |
|---|---|